UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria C.Y., | Case No. 26-cv-117 (MJD/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Todd Lyons, et al., | |
| Respondents. | |

## INTRODUCTION

Petitioner Maria C.Y. is an Ecuadorian citizen who has resided in the United States since April 2021. Pet. 11, Dkt. No. 1. In April 2021, Maria entered the United States without inspection, was placed in removal proceedings, and subsequently submitted an application for asylum. *Id.* at 12. Her application for asylum remains pending. *Id.* Maria C.Y. was detained on January 7, 2026, and remains in immigration detention at this time. *Id.*

Maria C.Y. challenges her detention under 28 U.S.C. § 2241. *Id.* at 3. She claims that the Government has unlawfully detained her pursuant to § 1225(b)(2) (a mandatory detention statute) rather than § 1226 (a discretionary detention statute). *Id.* at 2–3. Immigrants detained under § 1226 are entitled to a bond hearing. *See, e.g.*, *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining the legal framework). Maria C.Y. contends the Government's misclassification of her as a § 1225(b)(2) detainee violates the Immigration and Nationality Act and her right to due process under the Fifth Amendment. *Id.* at 15–16. She seeks a writ of habeas corpus requiring the Government

to immediately release her or provide a bond hearing under § 1226(a) within seven days. *Id.* at 16.

The Government disagrees, arguing that § 1225(b)(2), not § 1226, governs Maria C.Y.'s detention. Gov.'s Resp. 1, Dkt. No. 5. This raises an issue of statutory interpretation that this Court and others in this District have repeatedly considered and rejected. *Francisco T. v. Bondi*, No. 25-cv-3219, 2025 WL 3490809 (D. Minn. Sept. 5, 2025) *R. & R. adopted by* 2025 WL 3236513 (D. Minn. Nov. 19, 2025); *see also, e.g.*, *Misael T. v. Bondi*, No. 26-cv-263, 2026 WL 146510, at *2 (D. Minn. Jan. 20, 2026) (collecting cases); *Andres R.E. v. Bondi*, No. 25-cv-3946, 2025 WL 3146312 (D. Minn. Nov. 4, 2025). The Government concedes as much, acknowledging that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided." Gov.'s Resp. 1. Rather than restating its analysis here, the Court incorporates its prior analysis by reference. *See Francisco T.*, 2025 WL 3490809, at *3–11, *R. & R. adopted by* 2025 WL 3236513. Because § 1226(a)'s discretionary detention framework, not § 1225's mandatory detention framework, applies to Maria C.Y., the Court recommends granting the petition.[1]

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Maria C.Y.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2. The Government be ordered to issue an administrative warrant and provide Maria C.Y. with a bond hearing pursuant to 8 U.S.C. § 1226 within seven days;

---

[1] Resolving this question in Maria C.Y.'s favor makes it unnecessary to address the Petition's alternative grounds.

3. The Government be ordered to release Maria C.Y. if it fails to issue an administrative warrant and provide Maria C.Y. with a bond hearing; and

4. The Government be enjoined from denying Maria C.Y. a bond hearing on the basis that § 8 U.S.C. § 1225(b)(2) applies to her.

Dated: January 21, 2026          s/ David T. Schultz
                                 DAVID T. SCHULTZ
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **2 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **2 days** after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).